## In re COCKSHAW.

### (District Court, S. D. New York. January 23, 1915.)

**1. BANKRUPTCY ⬠374—COMPOSITION—GOOD FAITH OF OFFER.**

A bankrupt must exercise the utmost good faith with his creditors in offering a composition, and will not be permitted to trade with them by increasing his offer after he finds that the first offer was rejected as insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 575; Dec. Dig. ⬠374.]

**2. BANKRUPTCY ⬠374—COMPOSITION—AMENDMENT OF OFFER.**

Where a bankrupt was deprived of a full opportunity to examine and appraise the property for the benefit of those who were to assist him financially, and made in good faith an offer of composition which was rejected as insufficient, he may thereafter be permitted to amend his offer, though there is no express statutory authority for permitting such amendment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 575; Dec. Dig. ⬠374.]

Bankruptcy proceedings against Herbert Cockshaw. Motion by the bankrupt to amend his original offer of composition granted.

Roberts & Hepburn, of New York City (Irving L. Ernst, of New York City, of counsel), for trustee and objecting creditors.

Frank E. Bradley, of New York City (Robert B. Honeyman, of New York City, of counsel), for bankrupt.

AUGUSTUS N. HAND, District Judge. The master reports that an offer of 25 per cent. in composition is·insufficient. The bankrupt, after the composition was offered, and during the proceeding before the master, enlarged his offer to 30 per cent. and asks that his original offer be thus amended, and that the court send back to the master for determination the single question as to whether the amended offer is proper and advantageous to the creditors. The bankrupt urges, as an excuse for asking leave to amend, that prior to his offer of 25 per cent. he was not given such access to the property in the hands of the trustee that he could have it examined and appraised for the persons who were to assist him in raising money to carry out the composition. He says he complained prior to filing his offer of 25 per cent. to the referee and to the trustee. It is denied that he made such complaints, and they could not have been very effective, for when, after the composition was offered, he made request of the referee to allow him access to the property, the request was at once granted.

[1] It goes without saying that there must be the utmost good faith on the part of the bankrupt in offering a composition; and any attempt on his part to "trade" with the creditors or the court by offering a larger sum after the bankrupt finds his first offer is unsatisfactory is quite contrary to the spirit of the statute.

[2] On the other hand, the creditors and their representative, the trustee, must exercise a corresponding good faith toward the bankrupt. If he really was, in any substantial sense, deprived of a chance to have the property in the hands of the trustee examined by apprais-

ers in order to inform himself or his financial assistants as to its value, prior to the offering of the composition, I think his original offer should be so amended as to have the same effect as though the composition had been offered at the increased amount. If he has merely changed his proposal after the offer of composition was filed, not because he was theretofore mistaken as to the value of his property or prevented from ascertaining it, but merely because he had to raise his offer to meet the views of the creditors, I should feel that the enlarged offer ought to be rejected, if objected to, irrespective of its general merits, because the composition was not made in the good faith required by the Bankruptcy Act. While it is a difficult matter to determine, from the conflicting affidavits, whether or not the bankrupt was prevented from examining the property in the hands of the trustee prior to the offer of the original composition, so as to enable him or the people, who were to advance him money, to examine and appraise the property, I am inclined to believe the bankrupt was not, prior to his offer of composition, given as full an opportunity as he needed to have the stock of jewelry examined, and that the adequacy of his offer may have been impaired by this fact. I will therefore allow the offer of composition to be amended, so as to increase the amount offered from 25 per cent. to 30 per cent., and refer to the special master the question as to whether the offer and its acceptance are in good faith and have not been made or procured, except as provided by the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. 1913, § 9585]), or by any means, promises, or acts therein forbidden, and also whether the offer in itself, as increased, is advantageous to the creditors. I think, before an application for confirmation of the composition thus amended is made, the bankrupt should obtain the consent of a majority of his creditors in number and amount to the amended offer. If the master reports that the amended offer and acceptance of the bankrupt have been in good faith, and the offer is advantageous and should be approved, I can see nothing in the act or in the opinion of Judge Sater in the Matter of Kinnane Co., 217 Fed. 488, cited by the objecting creditors, and decided by the United States District Court for the Western District of Ohio, which would militate against a confirmation of the composition.

While the statute does not provide for the amendment of a composition, and while I think an amendment should be allowed only in the rarest cases, I should not hesitate to allow it when I believe that the only change in the offer of composition was an increase in the cash offered, and that the bankrupt had not trifled with the court, but had at all times acted in good faith.